# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| RANDY BROWN | § | |
| | § | |
| VS. | § | Case No. _____ |
| | § | |
| DOLLAR GENERAL, DOLGENCORP | § | |
| OF TEXAS, INC., VEREIT OPERATING | § | |
| PARTNERSHIP, L.P. | § | JURY DEMANDED |

**PLAINTIFF RANDY BROWN'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Randy Brown ("Brown"), complaining of and about Defendant Dollar General, Defendant Dolgencorp of Texas, Inc., and Defendant Vereit Operating, L.P. and respectfully files this his Original Petition:

## A.  PARTIES AND SERVICE

1. Brown is an injured individual residing in Titus County, Texas.

2. Defendant Dollar General in its assumed or common name refers to all partnerships, unincorporated associations, private corporations, limited liability companies, individuals, and/or any other business entities selling products at Dollar General stores in Mt. Pleasant, Titus County, Texas when the cause(s) of action described herein accrued. Brown intends, by suing Dollar General in its assumed or common name pursuant to Texas Rule of Civil Procedure 28, to sue the person(s) and entity(ies) who is/are responsible for the negligent acts and/or omissions described below. Defendant Dollar General in its assumed or common name may be served with process by serving it at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant Dolgencorp of Texas, Inc. is a foreign for-profit corporation that does business in Texas. Further, Defendant Dollar General's principal office and/or principal place of

business appears to include locations in Texas and it may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Vereit Operating Partnership, L.P. ("Vereit Operating") is a foreign limited partnership that does business in Texas. Further, Defendant Vereit Operating's principal office and/or principal place of business appears to include locations in Texas and it may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## B. JURISDICTION AND VENUE

5. This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum or value of $75,000, excluding interest and costs, and this action is between businesses or individual citizens of different states. All of the corporate defendants have engaged in intentional and systematic contact with the State of Texas.

6. Venue is proper in this district under the provisions of 28 U.S.C. § 1391 because the incident giving rise to this lawsuit occurred in Titus County, which is in the Texarkana Division of the Eastern District of Texas.

## C. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## D. VICARIOUS LIABILITY

8. Defendant Dollar General and Defendant Dolgencorp of Texas, Inc. (sometimes the "Dollar General Defendants") are vicariously liable for the conduct of their workers, agents, and representatives via the legal doctrine of agency and/or *respondeat superior*. Additionally,

Brown believes that all the Defendants were operating a joint venture. Each Defendant is therefore vicariously responsible for one another's actions.

### E. FACTS

9. This lawsuit results from a fall that occurred on or about February 10, 2022 at the Dollar General store on 1124 N. Jefferson Ave. in Mt. Pleasant, Titus County, Texas (the "Store"). Defendant Vereit Operating owns the Store and leases it to the Dollar General Defendants.

10. These Defendants invite customers into the Store and sell products to them for money. It is likely that the Dollar General Defendants use this money to pay Defendant Vereit Operating. Alternatively, it could be that Defendant Vereit Operating takes a cut of this money.

11. The Dollar General Defendants invited Brown into the Store on February 10th. Brown thus entered the Store to purchase items from these defendants.

12. He tripped on an empty pallet in the Store and fell to the floor.

13. Security cameras captured this and show that Brown's knees hit the floor hard.

14. Brown's knees were cut and bleeding from this hard fall.

15. The Defendants have the security camera footage of the fall. They also had actual or constructive notice of the tripping hazard and of the cramped condition of the Store on or before Brown's fall. They nonetheless failed to warn about or correct this tripping hazard and make the Store safe for Brown.

16. These and other failures forced Brown to suffer and continue to suffer serious injuries that interfere with his life.

## F. NEGLIGENCE AND NEGLIGENCE PER SE OF THE DOLLAR GENERAL DEFENDANTS

17. The occurrence made the basis of this lawsuit and the resulting injuries to Brown were proximately caused by the Dollar General Defendants' negligence. The acts of negligence/negligence *per se* of these defendants includes, without limitation, the following:

   a. Failing to train and supervise its employees to perform their job duties related to safety and dangerous conditions existing on the premises;

   b. Failing to warn customers about slip, trip, and fall hazards;

   c. Leaving empty pallets and items on the floor that create slip, trip, and fall hazards;

   d. Implementing policies that do not comply with applicable law or industry safety standards;

   e. Failing to implement adequate safety policies that are designed to prevent serious injury to customers;

   f. Negligently storing empty pallets in violation of Occupational Safety and Health Administration rule 1917.14;

   g. Operating the particular grocery business in too small of a store space;

   h. Other acts deemed negligent and/or negligent per se.

18. Each and all of the foregoing acts and omissions of the Dollar General Defendants, singularly or in combination with others constitute negligence and/or negligence *per se* that proximately caused the fall that seriously injured and damaged Brown.

### G. NEGLIGENCE OF DEFENDANT VEREIT OPERATING

19. The occurrence made the basis of this lawsuit and the resulting injuries to Brown were proximately caused by Defendant Vereit Operating's negligence. The acts of negligence/negligence *per se* of Defendants includes, without limitation, the following:

   a. Negligently doing business with the Dollar General Defendants, whom Defendant Vereit Operating knew or should have known was unsafe;

   b. Failing to ensure that the Dollar General Defendants did not expose their customers to danger;

   c. Allowing the Dollar General Defendants to use the premises for an unsafe purpose; and

   d. Providing the Dollar General Defendants with store space that was too small for the particular business operation.

20. Each and all of the foregoing acts and omissions of Defendant Vereit Operating, singularly or in combination with others constitute negligence and/or negligence *per se* that proximately caused the fall that seriously injured and damaged Brown.

### H. NEGLIGENCE IN THE FORM OF PREMISES LIABILITY OF ALL DEFENDANTS

21. The Defendants owed a duty to Brown to keep the premises in a safe condition.

22. Brown was on the premises and inside the Store to purchase groceries. The Defendants thus owed Brown the highest legal duty as an invitee.

23. A condition on the Defendants' premises posed an unreasonable risk of harm. One such condition was an empty pallet that was negligently and recklessly left on the store room floor. Another condition was the small and cramped store space. Defendants inadequately warned Brown about the empty pallet and about the increased dangers posed by the cramped store design.

24. Defendants knew, or in the exercise of reasonable care, should have known, of these dangerous conditions. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Brown. This duty includes the duty to inspect, the duty to maintain, the duty to warn, and the duty to cure the dangerous conditions.

25. Defendants breached their duty of care by failing to cure or eliminate the dangerous condition and/or adequately warn of the dangerous conditions. Defendants' breach of this duty proximately caused severe personal injury to Brown.

## I. GROSS NEGLIGENCE

26. The negligent acts and omissions on the part of all the Defendants as set forth above, were more than momentary thoughtlessness, inadvertence, or error of judgment. The negligent acts and omissions of the Defendants constituted such an entire want of case as to establish that they were the result of conscious indifference to the rights, welfare, or safety of the persons affected by them in the future.

27. Alternatively, Brown's injuries and damages resulted from an act or omission of the Defendants which, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and of which Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare to others. Such gross negligence proximately resulted in the injuries sustained by Brown, as set forth herein, and on the basis of such gross negligence.

28. Brown thus requests exemplary damages be awarded. Brown suffered serious injuries as a direct and proximate result of the fall and Defendants' negligent and negligent *per se* conduct. Brown believes that some of his injuries are permanent in nature and may never heal. His

injuries have had serious effects on his health and well-being. It has been necessary for Brown to pay or incur reasonable and necessary medical expenses in the past and it is probable that he will incur reasonable and necessary medical expenses for the treatment of his injuries in the future.

### J. COMPENSATORY DAMAGES

29.  The injuries and damages that Brown has suffered include, but are not limited to, the following:

   a. Medical expenses incurred in the past;

   b. Medical expenses that, in reasonable probability, will be incurred by Brown in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering in the future that, in reasonable probability, Brown will suffer in the future;

   e. Mental anguish in the past;

   f. Mental anguish in the future that, in reasonable probability, Brown will suffer in the future;

   g. Physical impairment in the past;

   h. Physical impairment in the future that, in reasonable probability, Brown will suffer in the future;

   i. Physical disfigurement in the past;

   j. Physical disfigurement in the future that, in reasonable probability, Brown will suffer in the future;

   k. Loss of quality of life;

  l. Special damages incidental to the personal injuries that Defendants forced Brown to experience;

  m. Lost wages, income, and profits; and

  n. Loss of earning capacity in the future.

30. Brown seeks fair and reasonable compensation for her injuries and damages together with all costs of court as well as pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## K. JURY DEMAND

31. Brown respectfully his right to a trial by jury in this cause. This demand for a jury trial at least 30 days before this case is set for trial.

## L. PRAYER AND REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Randy Brown respectfully prays for Judgment against Defendant Dollar General, Defendant Dolgencorp of Texas, Inc., and Defendant Vereit Operating, who have yet to be served, to appear and answer for their conduct, and that upon final trial he recover:

  a. Judgment against Defendants for his actual damages;

  b. Interest on said Judgment at the maximum legal rate allowed by law from the date on such Judgment;

  c. Prejudgment interest at the maximum rate allowed by law;

  d. Costs of court;

  e. Punitive and exemplary damages;

  f. Injunctive relief as set out above; and

  g. All further and other relief to which he may be entitled at law or in equity.

          Respectfully submitted,

          BOYD BOYD & GIDDENS

BY:   */s/ William L. Richey*_____
       WILLIAM L. RICHEY
       State Bar No. 24102413
       1215 Pruitt Place
       Tyler, Texas 75703
       (903) 526-9000
       (903) 526-9001 (FAX)
       wrichey@boydlawtexas.com

       ATTORNEYS FOR PLAINTIFF